[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Following a non-jury trial, this Court is asked to resolve two claims asserted by Plaintiff Lucille Hemond ("Hemond") against Defendant Lucrecia Gaudette ("Gaudette"), the first being breach of contract and the second being misrepresentation. The foundation of these claims concerns the sale of a property located at No. 3 Friendship Lane (the "Property") on September 7, 2001. After the sale, a problem with the Property's septic system was discovered. This discovery led Hemond and Gaudette to form an agreement, entitled Release and Agreement (the "Agreement"). The Agreement provides the following:
 "both sellers, based on information provided to them by various `experts', have informed me that the septic system . . . has `failed'. That, I engaged my own `expert' who confirmed that fact. That, the sellers have paid to me the sum of Fourteen Thousand ($14,000) and 0/100 Dollars, the receipt whereof hereby is acknowledged for the repair or replacement of the existing septic system in question. . . . Further, I hereby agree that I will within a reasonable date of the execution hereof, provide sellers with copies of three estimates of the cost of repair or replacement of said septic system. Should, the lowest of said estimates be lower than the $14,000.00 paid to me, I hereby agree to refund the difference to sellers forthwith." (Plaintiff's Exhibit 1).
 Breach of Contract
Hemond asserts that Gaudette failed to comply with the terms as outlined in the Agreement. Specifically, Hemond contends that Gaudette did not submit copies of three estimates within a reasonable time to Hemond, thereby violating the Agreement. Plaintiff's attorney, William Clifton ("Clifton") attests that he never received copies of these estimates.
Gaudette, who this Court found to be, among other things, compelling, well-intentioned, and credible, testified at trial. She stated that she sent three proposals to Clifton pursuant to the Agreement in May of 2002. Specifically, Gaudette testified that she used the Address Verification Form (Plaintiff's Exhibit 3) to address the envelope and mail the documents. She testified that she found this form confusing. This Court, having reviewed this document, finds that this document is confusing. Accordingly, this Court finds that Gaudette attempted in good faith to comply with the terms of the Agreement.
The Agreement requires that Gaudette compile the estimates and submit those estimates to Hemond within a reasonable period of time after the execution of the Agreement. In contract law, "[a] reasonable time has been well defined to be `so much time as is necessary under the circumstances, to do conveniently what the contract or duty require in the particular case should be done.'"Perkins v. Kirby, 35 R.I. 84, 92, 85 A. 648, 652 (1913) (citing, Bowen v. Detroit C.R. Co., 54 Mich. 496, 501,20 N.W. 559, 562 (1884)). "In determining therefore what constitutes a reasonable time it is necessary to take into consideration all circumstances which may surround that portion of the transaction." Perkins, 35 R.I. at 92; see also U.C.C. § 2-309, n. 1 (stating in the context of the sale of goods, reasonable time is determined based on good faith and commercial standards).
In the instant case, Gaudette obtained three estimates for replacement of the septic system to accommodate the building on the Property. These estimates are dated April 20, 2002, April 26, 2002, and May 16, 2002 respectively. They were obtained approximately eight months after the purchase of the Property and submitted by mail sometime in May of 2002. The copies, without question, were received by Hemond after the institution of the present action in July of 2002, when Gaudette submitted her Answer to the operative Complaint.
This initial delay in obtaining the estimates was attributed to the fact that septic system installation is seasonal in nature. Therefore, estimates cannot be obtained until the spring, after the winter thaw. In recognition thereof, this Court finds that this initial delay was reasonable. Furthermore, Gaudette attempted to mail copies of these estimates immediately after she compiled them. However, due to the confusing Address Verification Form, the copies were never received. As a result, Hemond filed the instant action, and once Gaudette was made aware of the miscommunication, she resubmitted copies to Plaintiff. Clearly, these delays were also reasonable given the attendant circumstances. Accordingly, this Court finds that Gaudette did not breach the terms of the Agreement, as she has complied within a reasonable period of time in accordance with the express terms of the Agreement.
 Misrepresentation
As to the claim of misrepresentation, this Court finds in favor of Gaudette. "A misrepresentation of the terms, quality or other aspects of a contractual agreement that `leads another to enter into a transaction with a false impression of the risks, duties, or obligations involved' is fraud in the inducement." Zaino v.Zaino, 818 A.2d 630, 636 (R.I. 2003) (citing, Black's Law Dictionary 671 (7th ed. 1999)). In the instant case, Plaintiff relies on the fact that Gaudette lived on the Property, all the while using the allegedly failed septic system. On that basis, Plaintiff asserts that Gaudette misrepresented that the septic system was not working properly and thereby gained a pecuniary advantage over Plaintiff in the negotiation of the Agreement. However, the evidence suggests otherwise. Specifically the Agreement states "sellers, based on information provided to them by various `experts', have informed me that the septic system located at the subject property has `failed'." Therefore, Hemond initially informed Gaudette of the septic system's problems.
Thereafter, as is expressly stated in the Agreement, Gaudette engaged her own expert, who concurred with the findings of Hemond's expert. Clearly, Hemond did not rely on information provided by Gaudette; rather she relied on the opinions of two experts. Furthermore, there has been no testimony which indicates that the alleged misrepresentation was inaccurate in any way. Accordingly, this Court finds in favor of Gaudette on the claim for Misrepresentation.